UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NOAH TERRELL,

       Plaintiff,

-against-

NORTHSTAR LOCATION SERVICES, LLC,

       Defendant.

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiff, Noah Terrell (Plaintiff), through his attorneys, Krohn & Moss, LTD., alleges the following against Northstar Location Services, LLC (Defendant):

### Nature of the Action

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### Parties

2. Plaintiff is a natural person residing in Wallisville, Chambers County, Texas.

3. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

4. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

5. Defendant is a collection agency headquartered in Cheektowaga, Erie County, New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the state of New York, and therefore, personal jurisdiction is established.

9. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

10. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## Factual Allegations

11. On September 9, 2009, Plaintiff faxed Defendant a cease and desist letter.

12. On September 9, 2009, Plaintiff faxed Defendant a notice of representation letter.

13. Despite receiving Plaintiff's letter, Defendant communicated with Plaintiff after September 9, 2009

## Claim for Relief

14. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff even though Defendant knew Plaintiff was represented by an attorney.

    b. Defendant violated *§1692c(c)* of the FDCPA by communicating with Plaintiff after Defendant received Plaintiff's cease and desist letter.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff, Noah Terrel, respectfully requests judgment be entered against Defendant, Northstar Location Services, for the following:

15. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

16. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

17. Actual damages,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Noah Terrel, demands a jury trial in this cause of action.

Dated:        December 28, 2009

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Tel: 312-578-9428
Fax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## VERIFICATION

STATE OF TEXAS )
:ss.:
COUNTY OF CHAMBERS )

Plaintiff, Noah Terrell, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Noah Terrell, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 01-06-2010

_____
Noah Terrell